Anthony Montez BROWN, Appellant,

v.

Anthony CALABRO; Jessica Bartalotta; Chief Paul Porfiro; Judge David W. Lupas.

No. 12–4011.

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Jan. 17, 2013.

Opinion filed Jan. 30, 2013.

Anthony Montez Brown, West Pittston, PA, pro se.

Before: SCIRICA, HARDIMAN and GREENAWAY, JR., Circuit Judges.

## OPINION

PER CURIAM.

Anthony Montez Brown appeals pro se from the District Court's order dismissing his complaint. Because the appeal presents no substantial question, we will summarily affirm the District Court's order.

## I.

In 2012, Brown filed a civil rights complaint in the United States District Court for the Middle District of Pennsylvania. In the complaint, as amended, he claimed that the defendants—three Luzerne County police officers and one Court of Common Pleas judge—committed various forms of alleged misconduct, including: failing to arrest his neighbor for shooting a BB gun at Brown's house; failing to arrest a driver for driving while intoxicated; defaming Brown by referring to him as a "ninja"; filing a police statement on Brown's behalf under false pretenses; and prosecuting Brown for a crime committed by someone else. Brown sought the return of his firearms, investigations into police and judicial misconduct, and damages.

The Magistrate Judge recommended dismissing with prejudice Brown's complaint under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. In particular, the Magistrate Judge reasoned that (1) Brown lacked a judicially cognizable interest in

having charges filed against his neighbor and the driver; (2) Brown failed to allege that the police department illegally seized his firearms; (3) Brown's defamation claim was not cognizable under 42 U.S.C. § 1983; (4) Brown failed to allege that the police report was used against him at his criminal trial in violation of the Constitution; (5) Brown could not recover damages from Judge Lupas because judges are absolutely immune from suits for monetary damages arising from their judicial acts; and (6) Brown could not seek the termination of his criminal trial by way of a section 1983 claim. After reviewing the complaint de novo in light of Brown's objections to the Report and Recommendation, the District Court issued an order adopting the Report and Recommendation and dismissing with prejudice Brown's complaint. Brown timely appealed to this Court.

## II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal of the complaint under section 1915(e)(2)(B). *See Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir.2000). Complaints brought pursuant to section 1983 "need only satisfy the notice pleading standard of Rule 8(a)." *Thomas v. Independence Twp.,* 463 F.3d 285, 295 (3d Cir.2006). However, a plaintiff must plead more than mere labels and conclusions, and a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). We may summarily affirm a judgment of the District Court on any basis supported by the record if the appeal does not raise a substantial question. *See* I.O.P. 10.6; *see*

*also Murray v. Bledsoe,* 650 F.3d 246, 247 (3d Cir.2011).

■ The District Court correctly dismissed Brown's claim that the government failed to prosecute his neighbor and a driver. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," *Linda R.S. v. Richard D.,* 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973), and prosecutors enjoy absolute immunity for the decision to initiate a prosecution, *see Kulwicki v. Dawson,* 969 F.2d 1454, 1463–64 (3d Cir.1992). For these reasons, Brown's claim that the police department failed to investigate and prosecute the activities of his neighbor and of another driver is not one upon which relief may be granted.

■ Brown's complaint also failed to allege any actions on the part of any of the defendants relating to the seizure of his firearms. Although he claimed that Defendant Bartalotta made a vague statement indicating that Brown may lose his firearms, such a statement does not rise to a violation of Brown's constitutional rights. Therefore, dismissal of this claim under section 1915(e)(2)(B) was proper.

■ Nor has Brown pleaded a civil rights cause of action for defamation. "[D]efamation is actionable under 42 U.S.C. § 1983 only if it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution." *Clark v. Twp. of Falls,* 890 F.2d 611, 619 (3d Cir.1989)(citing *Paul v. Davis,* 424 U.S. 693, 701–12, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976)); *see also Sturm v. Clark,* 835 F.2d 1009, 1012 (3d Cir.1987)("Absent the alteration or extinguishment of a more tangible interest, injury to reputation is actionable only under state defamation law.") (internal citation omitted). Here, Brown alleged only that Defendant Porfiro referred to

him as a ninja. Brown did not allege that he suffered the extinguishment of a right or status guaranteed by state law or the Constitution, and has not stated a civil rights action for defamation.

Brown also failed to raise a cognizable claim for the allegedly unconstitutional filing of a police statement on his behalf. To the extent that Brown alleged a violation of the Fifth Amendment Self–Incrimination Clause, his claim would have been precluded by the "favorable termination rule." *See Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (requiring "a § 1983 plaintiff [to] prove that [his] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus" in order to recover damages for allegedly unconstitutional conviction or imprisonment).

Brown's claim against Defendant Judge Lupas fails as well. It is a well-established principle that a judge "in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Azubuko v. Royal,* 443 F.3d 302, 303 (3d Cir.2006)(citing *Mireles v. Waco,* 502 U.S. 9, 12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id.* (quoting *Stump v. Sparkman,* 435 U.S. 349, 356–57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978)). The allegations in Brown's complaint relate to action taken by Judge Lupas in his capacity as a judge, and Brown has not alleged that Judge Lupas clearly lacked jurisdiction. Thus, Brown's allegations are insufficient to overcome Judge Lupas' judicial immunity.

Lastly, it would have been against public policy for the District Court to grant Brown's request to terminate the criminal proceedings against him while they were ongoing. *See Younger v. Harris,* 401 U.S. 37, 43–44, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) (recognizing that the "longstanding public policy against federal court interference with state court proceedings" generally requires federal courts to abstain from involvement in state criminal proceedings). Moreover, now that his criminal case has resulted in a conviction, Brown's claim may be brought only as a petition for writ of habeas corpus. *See Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (stating that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Williams v. Consovoy,* 453 F.3d 173, 177 (3d Cir.2006).

We have held that a district court should not dismiss a pro se complaint without allowing the plaintiff leave to amend unless amendment would be inequitable or futile. *See Alston v. Parker,* 363 F.3d 229, 235 (3d Cir.2004); *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir.2002). Here, Brown already filed an amended complaint, and the District Court appropriately determined that further amendment would be futile.

Accordingly, this appeal presents us with no substantial question, and we will summarily affirm the District Court's order. *See* 3rd Cir. LAR 27.4 and I.O.P. 10.6. Brown's motion for appointment of counsel is denied.